DIXON F. MILLER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Miller v. Commissioner
Docket No. 6121-79.
United States Tax Court
T.C. Memo 1981-431; 1981 Tax Ct. Memo LEXIS 312; 42 T.C.M. (CCH) 665; T.C.M. (RIA) 81431; August 13, 1981. Dixon F. Miller, pro se. Rose A. Mendes, for the respondent. DAWSON
MEMORANDUM OPINION [1]
DAWSON, Judge: Respondent determined a deficiency of $ 252.71 in petitioner's *313 Federal income tax for the year 1976. The only issue presented for decision is whether the petitioner is entitled to a deduction for a casualty loss under section 165(c)(3)[2] where he failed to file a claim under an insurance policy covering the loss. All of the facts are stipulated and are found accordingly. The pertinent facts are summarized below. Dixon F. Miller (petitioner) was a resident of Columbus, Ohio, when he filed his petition in this case. In June 1976, a friend of petitioner, while operating petitioner's 1970 Pearson Sloop (hereinafter referred to as the boat) with his permission, ran it aground. This accident resulted in damage to the boat in the amount of $ 842.55. Although petitioner had an insurance policy that covered this casualty loss, he did not file a claim with his insurance company (hereinafter referred to as the company), because he believed that, if he did submit a claim, the company would cancel not only the policy covering his boat but also policies covering his apartment and personal automobile. *314 Prior to December 1974, petitioner purchased his insurance policies and made claims thereon at the following times: Type of
Policy
Purchased
Claims Filed
Personal automobile
1969
November 1969
January 1970
December 1973
Boat
September 1972
None
Apartment
Sometime prior
February 1974
to February 1974
In December 1974, petitioner's insurance brokers notified him that they had received instructions from the company to terminate all of his insurance policies on their next renewal dates. They told petitioner that they would do their best to obtain policies with another company for him, but that he could expect to pay higher premiums. Petitioner requested that the brokers try to persuade the company to allow him to retain his then existing policies. The brokers convinced the company to permit petitioner to keep the policies, but the company imposed higher deductible provisions. The deductible provision on his boat policy was increased to $ 250. The brokers advised petitioner that, unless there was a catastrophic loss or a loss involving an undetermined potential liability, it would not be advisable for him to file any claims and that, "if he *315 soon presented any further claims on the policies," they would be canceled. Rather than risk the loss of all his insurance coverage,the petitioner decided to recover as much as possible from the friend who had been operating the boat, and he did not file a claim with the insurance company. He was unable to obtain more than $ 200 from his friend. This reduced his actual loss to $ 642.55. After giving effect to the $ 100 limitation contained in section 165(c)(3), petitioner claimed a deduction in the amount of $ 542.55 for this casualty loss on his Federal income tax return for 1976. Respondent disallowed the claimed deduction because the petitioner did not seek reimbursement from his insurance company. Section 165(a) provides that a deduction shall be allowed for "any loss sustained during the taxable year and not compensated for by insurance or otherwise." In dispute here is the meaning of the term "compensated for." Respondent contends that it means "covered by." Petitioner, on the other hand, asserts that, although there was insurance money available for him, he was not compensated *316 thereby because he did not receive it. Alternatively, petitioner argues that, even if it is decided that "compensated for" does mean "covered by," his loss was not compensated for because his failure to seek reimbursement was not attributable to a voluntary but a forced choice, since he had no practical alternative. To support his assertion that "compensated for" does not mean "covered by," petitioner contends: (1) That the everyday meaning of "compensated for" is not "covered by;" (2) that respondent's regulations refer to "any loss * * * not made good by insurance or some other form of compensation" [3] and "proper adjustment * * * for any insurance or other compensation received;" [4] and (3) that the Congress intended to tax only the aggregate accretion to a taxpayer's net worth, and there has been none to his net worth since he did not claim the insurance proceeds. We agree with the petitioner. The result in this case is controlled by the rationale expressed in our *317 recent court-reviewed opinion in Hills v. Commissioner, 76 T.C. 484 (1981), where under similar facts we held that the taxpayers sustained a loss during the taxable year which was not compensated for by insurance or otherwise, and therefore a deduction for such loss was allowed. In the Hills opinion the Court considered and discussed the case of Kentucky Utilities Company v. Glenn, 394 F.2d 631 (6th Cir. 1968), affg. on this issue 250 F.Supp. 265 (W.D Ky. 1965), which is relied upon by respondent here as controlling and dispositive of the issue. In Hills we said (76 T.C. at 490): We view Kentucky Utilities as distinguishable from the instant case and, in any event, in light of the brief treatment of the issue, therein, that case should not preclude a fresh consideration of this issue. * * * There are no operative facts which distinguish this case from Hills, or permit Kentucky Utilities to be accorded disparate treatment. In both this case and Hills the property on which the taxpayer claimed a casualty loss was covered by a valid insurance policy. In both cases the taxpayer had a history *318 of prior claims with the insurer. In both cases the taxpayer refused to make a claim under the insurance policy because of a fear that the policy would not be renewed. In fact, the petitioner's fear in this case had been substantiated by the insurance company's prior decision to terminate his policies and, consequently, he had a stronger basis than the taxpayer's "fear" in Hills. The legal issues in both cases are likewise similar. The reasons given in Hills to support the Court's conclusion are equally applicable here. The statutory language is the same, so that our discussion of the construction of the terms "compensated" and "covered" is equally applicable here. The applicable regulations are the same, so that our discussion of the impact of the regulations applies with equal force here. The "voluntariness" of the failure to file for an insurance claim is the same (possibly even more pronounced in Hills than in the instant case), and our discussion of that argument is equally applicable here. Finally, our discussion in Hills of the important pragmatic considerations which may dicaate the abandonment of a civil (noninsurance) claim, and the parallel to the *319 pragmatic considerations which dictate a decision not to file an insurance claim, are equally applicable to the present circumstances. We discern virtually no distinction between the operative facts or legal issues in this case and Hills. Accordingly, we conclude that Kentucky Utilities is distinguishable for the same reasons it was distinguishable in Hills. We reject respondent's contention that our Hills opinion is erroneous and does not control this case. It is our view that Kentucky Utilities is not "squarely in point," and therefore "efficient and harmonious judicial administration" does not require this Court to follow the Court of Appeals decision in these particular circumstances. [5] See Golsen v. Commissioner, 54 T.C. 742, 757 (1970), affd. 445 F.2d 985 (10th Cir. 1971), cert. denied 404 U.S. 940 (1971). *320 To reflect these conclusions, Decision will be entered for the petitioner. Footnotes
1. Pursuant to petitioner's motion, the Court, by Order dated August 12, 1981, vacated and set aside (1) the Decision entered herein on May 18, 1981, and (2) the Memorandum Findings of Fact and Opinion (T.C. Memo. 1980-550↩) filed herein on December 11, 1980.
2. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the year 1976, unless otherwise indicated.↩
3. Sec. 1.165-1(a), Income Tax Regs.↩ (emphasis added by petitioner). 4. Sec. 1.165-1(c)(4), Income Tax Regs.↩ (emphasis added by respondent).
5. See and compare Waxier Towing Co., Inc. v. United States↩ an unreported case ( W.D. Tenn. 1980, 81-2 USTC par. 9541), holding that repair costs suffered by a transporter of petroleum products in order to protect and maintain its insurance coverage were deductible business expenses because of the substantial risks of having its insurance coverage canceled if it made a claim.